Matter of Ariel S. (Jovan S.)
2026 NY Slip Op 02985
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ariel S. (Anonymous). Administration for Children's Services, respondent; Jovan S. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Vaughn M. (Anonymous). Administration for Children's Services, respondent; Jovan S. (Anonymous), appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-07523, 2024-07525, (Docket Nos. N-07558-21, N-07559-21)
Betsy Barros, J.P.
Barry E. Warhit
Janice A. Taylor
Susan Quirk, JJ.

Salvatore C. Adamo, New York, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Hannah J. Sorkin of counsel), for respondent.
Richard L. Herzfeld, New York, NY, attorney for the children.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jovan S. appeals from (1) an order of fact-finding of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated July 18, 2024, and (2) an order of disposition of the same court also dated July 18, 2024. The order of fact-finding, after a fact-finding hearing, found that Jovan S. neglected the subject children. The order of disposition, insofar as appealed from, after a dispositional hearing, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Jovan S. and the mother, who were never married, are the parents of the child Vaughn M. The child Ariel S. is the mother's child from a previous relationship, but Ariel S. resided with Jovan S. for some time prior to the incident giving rise to these related proceedings pursuant to Family Court Act article 10. The petitioner commenced these related proceedings, alleging that Jovan S. neglected the children by committing acts of domestic violence against the mother in their presence. After fact-finding and dispositional hearings, the Family Court, inter alia, found that Jovan S. neglected the children. Jovan S. appeals.
The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition (see Matter of Kamaya S. [Zephaniah S.], 218 AD3d 590, 591; Matter of Harmony H. [Welton H.], 148 AD3d 1019, 1019-1020).
"'To establish neglect, [a] petitioner must demonstrate, by a preponderance of the evidence, (1) that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Asani J. [Assata J.], 245 AD3d 711, 712, quoting Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1130; see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368). "A finding of neglect is proper where a preponderance of the evidence establishes that the child's physical, mental, or emotional condition was impaired or was in danger of becoming impaired by the parent's commission of an act, or acts, of domestic violence in the child's presence" (Matter of Asani J. [Assata J.], 245 AD3d at 712 [internal quotation marks omitted]). "'Even a single act of domestic violence, either in the presence of the child or within the hearing of the child, may be sufficient for a neglect finding'" (id., quoting Matter of Divine K.M. [Andre G.], 211 AD3d 733, 735; see Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917). "Furthermore, impairment or imminent danger of physical impairment should also be inferred from the subject children's proximity to violence directed against a family member, 'even absent evidence that they were aware of or emotionally impacted by the violence'" (Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012, quoting Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457).
Here, the evidence presented at the fact-finding hearing demonstrated that Jovan S. perpetrated an act of domestic violence against the mother in a room in which the children were present and in close proximity to the violence directed against the mother and that Ariel S. was aware of the incident. An imminent danger of impairment to the physical condition of the children should be inferred from the act of violence by Jovan S. against the mother in close proximity to them (see Matter of Asani J. [Assata A.], 245 AD3d at 712; Matter of Jayce W. [Lucinda J.], 224 AD3d at 917; Matter of Najaie C. [Niger C.], 173 AD3d at 1012).
Accordingly, the Family Court properly found that Jovan S. neglected the children.
BARROS, J.P., WARHIT, TAYLOR and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court